UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-53-MOC

| | | |
|---|---|---|
| **ROBIN HUNTER-TEDDER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's (#12) and defendant's (#15) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings and administrative record, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

On April 22, 2103, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability since February 2, 2013. (Tr. 16, 188-89, 190-98). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 16, 71-130, 140-47, 157-58). The Administrative Law Judge ("ALJ") held a hearing on April 8, 2016, at which plaintiff, her representative, and an impartial vocational expert appeared. (Tr. 16, 13-34). On August 11, 2016, the ALJ held that plaintiff was not disabled within the meaning of the Act. (Tr. 16-28). The Appeals Council denied review of the ALJ's decision on January 18, 2017, making it

the final decision of the Commissioner. (Tr. 1-6). Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.     Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was not supported by substantial evidence, and it will thus be reversed and remanded.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity ("SGA") since February 2, 2013. (Tr. 19). At step two, the ALJ found that plaintiff had the following combination of severe, medically determinable impairments: diabetes mellitus; peripheral vascular disease; peripheral neuropathy; mild facet joint arthritis of the lumbar spine; morbid obesity; hypertension; migraine headaches. (Tr. 19-20). At step three, the ALJ found that none of plaintiff's impairments or combination thereof met or equaled one of the conditions in the Listing of Impairments, 20 C.F.R. §§ 404.1567(a), 416.967(a).

Before proceeding to step four, the ALJ determined plaintiff's residual functional capacity ("RFC"). The ALJ found that plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with the exception that plaintiff would not be able to climb ladders, ropes, and scaffolds and would be limited to performing other postural activities (climb

ramps and stairs, balance, stoop, kneel, crouch, crawl, etc.) on an occasional basis. The ALJ also found that plaintiff would be able to sit for no more than 30 minutes at a time and would then have to stand for 3-5 minutes. Also, plaintiff would need to avoid concentrated exposure to noise and workplace hazards, such as unprotected heights and dangerous machinery. (Tr. 22).

The ALJ then proceeded to step four, where he found that plaintiff's RFC still left her capable of performing her past relevant work as a customer complaint clerk and claims clerk. (Tr. 27-28). As a result, the ALJ found that plaintiff was not disabled within the meaning of the Act. (Tr. 28).

**D. Discussion**

The court has closely read plaintiff's memorandum (#13) supporting her Motion for Summary Judgment (#12) and the Commissioner's responsive Motion (#15) and Memorandum (#16). Plaintiff argues that the ALJ erred in three ways: first, that the ALJ failed to form a logical bridge between the evidence and the RFC regarding plaintiff's need to elevate her legs; second, that the ALJ did not adequately evaluate and assign weight to medical opinions regarding plaintiff's need to elevate her legs; third, that the ALJ violated Mascio by failing to properly analyze and explain plaintiff's ability to stay on task. The court will address each argument below.

**1.    The ALJ's analysis of plaintiff's RFC and elevating plaintiff's legs**

First, plaintiff argues that the ALJ failed to create a logical bridge between the evidence and his RFC finding. Specifically, plaintiff contends that the ALJ failed to properly account for plaintiff's need to elevate her legs.

An ALJ must "build an accurate and logical bridge from the evidence to his conclusion" when assessing a claimant's RFC. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citing

Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). If the ALJ does not indicate how the facts he cited disproves a claimant's need for an accommodation, review of his decision is impossible and remand is needed. Id.; see also Torres v. Colvin, 2016 WL 54933, at *7 (W.D.N.C. Jan. 5, 2016) internal citations and quotations omitted).

Here, the court finds that remand is needed, as the ALJ did not bridge the evidence with his conclusion. While the ALJ did explain why his RFC findings did not include plaintiff's claims of incapacitating migraine headaches (Tr. 26) and did include plaintiff's need to get up and down periodically (Tr. 27), discussion of plaintiff's need to elevate her legs is conspicuously absent, despite plaintiff's treating physician, Dr. Bowman, reporting plaintiff's need to do so to reduce swelling and risk of ulcers. (Tr. 26, 508, 814). Had the ALJ dismissed Dr. Bowman's opinion and given it no weight due to a conflict with other elements of the record, that would have been an appropriate method of explaining why that limitation was not included. However, the ALJ's explanation was limited to stating that he was not giving significant weight to Dr. Bowman's conclusions of total disability without further discussion. The ALJ then goes on to announce an RFC that makes no mention of plaintiff's need to elevate her legs. While it is entirely possible that the ALJ found that plaintiff's marked improvement in health meant that plaintiff did not need to elevate her legs, courts cannot "mine the record to uphold a decision absent any explanation from the ALJ." See Marshall v. Colvin, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, 639 Fed. Appx. 921 (4th Cir. 2016)). Thus, remand is required as there is no logical bridge between the evidence and this aspect of the RFC determination. See Radford, 734 F.3d at 295.

## 2. The ALJ's evaluation of medical opinions on elevating plaintiff's legs

Second, plaintiff argues that the ALJ inadequately evaluated medical opinion evidence. Specifically, plaintiff contends that the ALJ failed to provide a proper explanation for the weight he gives the opinion of Dr. Bowman and failed entirely to account for the opinion of Dr. Rea.

Once again, the court finds remand is needed so the ALJ may explain what weight he gave the opinion of Dr. Bowman, plaintiff's treating physician. While the ALJ stated that he "give[s] no significant weight to Dr. Bowman's conclusions of total disability," he is silent on what weight he gives Dr. Bowman's opinion as a whole. (Tr. 26). In doing so, the ALJ also neglected to account for an "obviously probative" element of this matter, which is Dr. Bowman's repeated opining on the need for plaintiff to elevate her legs. Rhodes v. Berryhill, 2017 WL 2303514, at *4 (E.D.N.C. May 10, 2017). Further, the ALJ did not provide a sufficient explanation for disregarding Dr. Bowman's opinion, as he said merely that "the records do not support such opinions." (Tr. 26). Such "conclusory analysis" cannot be approved, as it does "not explain to this Court how he arrived at that conclusion." Torres, 2016 WL 54933, at *7. Combined, this court finds that the ALJ has not sufficiently shown his work, leaving this decision unsupportive of the ultimate determination. Id. (citing Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017)).

As for the opinion of Dr. Rea, the court finds that summary dismissal of Dr. Rea's opinion is unacceptable. The ALJ merely said that Dr. Rea's opinion was "given little weight as the evaluations were done for purposes outside the SSA disability process and are not necessarily consistent with our rules and regulations." (Tr. 27). This is insufficient analysis of a source like Dr. Rea. Even if this court accepted that Dr. Rea is not an acceptable medical source, non-acceptable medical sources who have "close contact with . . . individuals and have personal

knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time" are to be considered "valuable sources of evidence for assessing impairment severity and functioning." Foster v. Astrue, 826 F.Supp.2d 884, 886 (E.D.N.C. 2011) (citing Social Security Ruling ("SSR") 06-03p). Further, depending on the facts of a particular case, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source." Id. With no analysis of the sort required under the law, remand is required so the ALJ may account for the opinion of Dr. Rea and other such sources.

### 3. The ALJ's evaluation of plaintiff's ability to stay on task

Finally, plaintiff argues that the ALJ failed to properly evaluate plaintiff's mental RFC and violated Mascio in doing so. Plaintiff contends that, while the ALJ found for mild limitations in concentration, persistence, and pace, he omitted such limitations in his final RFC finding, violating a requirement set out in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). There, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, and pace implicate work-related limitations in staying on task, and while an ALJ may find that no limitations are necessary, an explanation must be offered; if an explanation is not offered, "remand is in order." Mascio, 780 F.3d at 638 (4th Cir. 2015). While the court in Mascio discussed moderate limitations and the instant case involves only mild limitations, this court has held that Mascio imposes "a duty to explain why . . . mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." Reinhardt v. Colvin, 2015 U.S. Dist. LEXIS 50952, *6-9 (W.D.N.C. 2015). As the ALJ in this matter did not offer any explanation

as to plaintiff's mild mental health impairments in his analysis of plaintiff's RFC for work, remand is required on this issue as well.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the Commissioner and plaintiff's cross Motions for Summary Judgment, and accompanying memorandums. Review of the entire record reveals that the decision of the ALJ was not supported by substantial evidence and thus requires further analysis. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be **GRANTED**, the Commissioner's Motion for Summary Judgment will be **DENIED**, and the decision of the Commissioner will be **REVERSED**.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#12) is **GRANTED,** defendant's Motion for Summary Judgment (#15) is **DENIED**, and the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

Signed: November 27, 2017

Max O. Cogburn Jr.
United States District Judge